IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-36 |
| | ) | (VARLAN/SHIRLEY) |
| MARK NIX, | ) | |
| LAURA NIX, and | ) | |
| CAROL NIX, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 7, 2015, for a scheduled pretrial conference and motion hearing on the Government's Motion to Declare Case Complex and Extended [Doc. 23], Defendant Mark Nix's Motion to Continue Trial and All Associated Deadlines [Doc. 37] and Defendant Laura Nix's Motion to Continue Plea Deadline [Doc. 39]. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney Loretta Cravens was present for Defendant Mark Nix, Attorney Daniel Ripper represented Defendant Laura Nix, and Attorney Lloyd Levitt was present for Defendant Carol Nix. The Court excused [Doc. 27] Defendants from appearing for this hearing.

Defendant Laura Nix requested a plea date extension, stating that she was in the process of negotiating a plea agreement with the Government. [Doc. 39]. During the hearing, she agreed to a continued trial date and Defendant Carol Nix made an oral motion to join Defendant Mark Nix's motion to continue [Doc. 37] as well. Defendants ask the Court to continue the May 19,

2015 trial date, arguing that counsel needs additional time to prepare the case for trial due to the number of defendants and the volume of discovery. They contend that this case involves a large amount of discovery, which counsel has not had time to review completely. Accordingly, Defendants asserts that a continuance is necessary.

The Court observes that the Government has asked [Doc. 23] this Court to declare the case to be complex for speedy trial purposes, although it does not ask that the trial be continued. The Government states that over one hundred defendants were indicted in twenty-eight related cases and that over one-third had not been arrested at the time it filed the motion on March 31, 2015. It states that discovery is being disclosed in three phases: One phase involves a one-half terabyte of information, including five months of intercepted conversations and voluminous financial records. A second phase consists of patient files and other documents seized in the execution of search warrants, and a third phase involves hundreds of hours of video surveillance footage. The Government contends that by the time that discovery is fully disclosed under the schedule determined by the Court, defense counsel will have insufficient time to review the discovery and to prepare for trial.

At the hearing, the Defendants did not object to the Government's request for the Court to deem this case complex for speedy trial purposes. Additionally, AUSA Svolto did not object to the Defendants' motions [Doc. 37 & 39]. The parties agreed to a new trial date of March 1, 2016. Attorneys Cravens, Ripper, and Levitt averred that the Defendants were aware of their rights under the Speedy Trial Act and had agreed to the new trial date.

The Court finds Defendant Mark Nix's motion to continue the May 19, 2015 trial date [Doc. 37] to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The

Court begins by observing that the instant case involves three Defendants, who are charged [Doc. 3], along with numerous others in related cases, in a conspiracy to distribute oxycodone over a ten month span (Count One). The Defendants are also charged with conspiring to launder the proceeds of the drug conspiracy over the same time period (Count Two). The total number of defendants in the related cases exceeds one hundred. Moreover, discovery in this case is voluminous, involving half a terabyte of information [see Doc. 23-1, Affidavit of Christopher G. English]. Disclosure of discovery is ongoing in phases and is unlikely to be completed prior to August 2015. To require counsel to proceed to trial in May 2015 would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The Court finds that the review of discovery cannot occur prior to the May 19, 2015 trial date. Accordingly, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, the Court has granted additional time to file pretrial motions. If any motions are filed, the Court will need time to hold a hearing on those motions and time, not to exceed thirty days, to rule on the motions or to prepare a report and recommendation on the issues raised. See 18 U.S.C. § 3161(h)(1)(H). Following the receipt of the Court's report and recommendation, the parties will need time to object and respond to objections. Thereafter, the District Judge will need time to rule on any dispositive motions in light of the report and any objections. See 18 U.S.C. § 3161(h)(1)(H). Once the parties receive a ruling on the pretrial motions, they will need time to prepare for trial in light of those rulings. The Court finds that all of this cannot be accomplished before the May 19, 2015 trial date or in less than ten months. Accordingly, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees with the Government that this case is complex for purposes of the Speedy Trial Act. The instant case, along with the related cases, involves over one hundred defendants. The Indictment alleges drug trafficking and money laundering schemes that are purported to have occurred over ten months. The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that this case should be designated as "complex" for speedy trial purposes.

Defendant Mark Nix's motion to continue the May 19, 2015 trial date [Doc. 37] and Defendant Laura Nix's Motion to Continue Plea Deadline [Doc. 39] are **GRANTED**, and the trial is reset to **March 1, 2016**. The Government's motion [**Doc. 23**] to declare the case complex for speedy trial purposes is unopposed and is also **GRANTED**. The Court also finds that all the time between the May 7, 2015 hearing, and the new trial date of March 1, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) and -(7)(A)-(B). With regard to additional scheduling in this case, the Government's deadline for completing all discovery is **August 14, 2015**. The Court set a new motion deadline of **October 9, 2015**, with the Government's responses due by **October 30, 2015**, to permit time to litigate the motion before the trial date. A motion hearing before the undersigned is set for **November 12, 2015 at 10:30 a.m.** The deadline for concluding plea negotiations is **February 1, 2016**. This day is also the deadline for the Defendants to provide reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **February 16, 2016**. Special requests for jury instructions shall be submitted to the

District Court no later than **February 22, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendants' motions to continue the May 19, 2015 trial date and plea deadline [Docs. 37 & 39] are **GRANTED**;

(2) The Government's Motion to Declare Case Complex and Extended [**Doc. 23**] is **GRANTED**. The Court finds this case to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **March 1, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the hearing on **May 7, 2015**, and the new trial date of **March 1, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for disclosing all discovery is **August 14, 2015**;

(6) The motion deadline is reset for **October 9, 2015**, with any Government responses due by **October 30, 2015**;

(7) A motion hearing before the undersigned is set for **November 12, 2015 at 10:30 a.m.**;

(8) The deadline for concluding plea negotiations is **February 1, 2016**. This date is also the deadline for the provision of reciprocal discovery;

(9) Motions *in limine* must be filed no later than **February 16, 2016**; and

(10) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 22, 2016**.

**IT IS SO ORDERED.**

ENTER:


  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge