UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-36-TAV-DCP |
| MARK NIX, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's supplemental motion for compassionate release [Doc. 113]. The United States has filed a response [Doc. 114], and defendant has filed a reply [Doc. 115]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion for compassionate release will be **DENIED**.

### I. Background

On December 21, 2015, defendant entered a guilty plea to one count of conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(c) [Doc. 55]. On May 9, 2016, defendant was sentenced to a term of imprisonment of 198 months, followed by three years of supervised release [Doc. 81].

On May 5, 2020, defendant filed a motion for compassionate which raised substantially similar arguments to the instant motion [Doc. 97]. On June 29, 2020, the

Court denied the motion, finding that defendant had failed to present extraordinary and compelling reasons sufficient to warrant compassionate release [Doc. 103]. The Court's ruling relied on § 1B1.13 of the Federal Sentencing Guidelines [*Id.*]. The Sixth Circuit later held that "[i]n cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges . . . have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

Defendant appealed the Court's denial of his motion for compassionate release [Doc. 105]. While on appeal, after the United States agreed that defendant's medical condition met the "extraordinary and compelling" requirement, the parties agreed to remand the case to this Court for further consideration [Doc. 110]. The Court subsequently ordered the parties to supplement their briefs to reflect the changes in compassionate release law since the original motion was filed [Doc. 112], and the matter is now once more ripe for adjudication.

Defendant is housed at USP McCreary, which currently has zero (0) active cases of COVID-19 amongst the inmates, fifteen (15) active cases amongst the staff, and 100 staff and 244 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited April 1, 2021). Defendant is fifty-six (56) years old and medical records establish that he suffers from a variety of ailments, including, but not limited to, essential hypertension and chronic obstructive pulmonary disease ("COPD") [Doc. 101 at pp. 15-17].

2

As additional grounds for compassionate release, defendant argues that the Court should now apply the Sixth Circuit's opinion in *Havis*, which was issued after defendant was sentenced, and that if the Court were to resentence defendant today, with the benefit of *Havis*, then defendant would no longer qualify as a career offender, resulting in a much lower advisory guideline range. *See United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). Defendant is scheduled for release on June 2, 2029. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 1, 2021).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 81].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry

4

and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States previously waived the exhaustion requirement in this matter [Doc. 101]. Thus, the Court may consider the merits of defendant's request.

#### B. Extraordinary and Compelling Reasons

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. In this instance, though not

5

required, the Court will address both the extraordinary and compelling reasons requirement and the §3553(a) factors.

The United States concedes that defendant's specific medical condition, which includes, among other things, COPD and hypertension, constitutes an extraordinary and compelling reason for release in light of the ongoing COVID-19 pandemic [Doc. 114]. The Court accepts the parties' position that defendant has satisfied the extraordinary and compelling reason requirement as to his medical condition. However, to the extent that defendant also argues that the non-retroactive change in the law brought about by *Havis* constitutes an extraordinary and compelling reason warranting compassionate release, the Court disagrees.

Another court in this District has recently addressed the issue of retroactive application of *Havis* via a motion for compassionate release. *See United States v. Davis*, No. 2:13-CR-00046-8-JRG, 2021 U.S. Dist. LEXIS 40174, at *24-31 (E.D. Tenn. Mar. 4, 2021). In an exhaustive analysis, the *Davis* court held that a compassionate release motion was not an appropriate vehicle for applying *Havis* to a case which *Havis* would not otherwise apply. This Court agrees, and adopts and incorporates the analysis and conclusions of *Davis* herein.[1] *Id.*

Accordingly, the Court accepts the parties' position that defendant has established that his specific medical condition, in light of the ongoing pandemic, constitutes

---

[1] In doing so, the Court notes that the 198 month sentence at issue in this case is still within the 168 to 210 month advisory guideline range defendant contends would apply under *Havis*.

extraordinary and compelling reasons. The Court, however, rejects defendant's arguments as to *Havis*.

**C.     § 3553(a) factors**

"§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, *16-17 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. § 3553(a); *see also Pepper*, 526 U.S. at 491. At sentencing the Court conducted a thorough analysis of the § 3553(a) factors as they then applied to defendant, and the Court incorporates that analysis in the instant ruling [Doc. 92 at pp. 19-27].

The Court begins with the criminal conduct at issue in this case. The Presentence Investigation Report ("PSR") describes defendant's conduct as follows:

> Between approximately January 2012 and October 30, 2012, defendant illegally obtained oxycodone pills from various pain clinics in or near

7

> Knoxville, Tennessee, for diversion to the illegal drug market. During the conspiracy, law enforcement supervised four controlled purchases of oxycodone pills and other prescription narcotics from defendant at his home in Loudon County, Tennessee. On October 30, 2012, law enforcement executed a search warrant at defendant's home and recovered evidence of pill trafficking, including prescription pills and drug ledgers which listed patients' names and clinic appointment dates.

[PSR, Doc. 68 at ¶ 13]. Defendant "sponsored" two individuals (colloquially known as "smurfs") who would go to pain clinics to obtain pain medication [PSR, Doc. 68 at ¶¶ 19, 41]. As sponsor, defendant provided the funds the smurfs needed to pay for the clinic visit and to fill their prescriptions, as well as any bribes which had to be paid to the pain clinic staff [PSR, Doc. 68 at ¶ 19]. Smurfs would sometimes be allowed to keep a portion of the pain medication, but otherwise would hand the drugs over to the sponsor, who would later sell the drugs illegally [*Id.*]. As a result of defendant's sponsorship, it was determined he was responsible for 174,255 mg of oxycodone, 20,940 mg of oxymorphone, and 150 mg of morphine [PSR, Doc. 68 at ¶ 41]. Defendant's conduct resulted in defendant receiving drug-premises and leadership-role enhancements [PSR, Doc. 68 at ¶¶ 70, 72; Doc. 92 at p. 5].

This was a very serious offense, involving large quantities of illegally obtained drugs. In addition to the instant offense, defendant has an extensive criminal history, which includes multiple misdemeanors and/or felonies, including drug crimes, theft crimes, fraud and abuse related to TennCare, and an aggravated burglary conviction [PSR, Doc. 68 at ¶¶ 82-91]. The Court took all of this information, as well as all the other evidence of record, into account when fashioning its sentence, and in doing so, it fashioned as sentence which

8

Case 3:15-cr-00036-TAV-DCP   Document 116   Filed 04/16/21   Page 8 of 11   PageID #: 869

was sufficient, but not greater than necessary, to reflect, among other things, the serious nature of the offense, the need to promote respect for the law and provide just punishment, the need for adequate deterrence both as to this defendant and to the public at large, and to protect the public from further crimes by this defendant [Doc. 92 at pp. 19-27].

The Court notes that defendant has, at this point, served approximately 71 months, and is not due to be released until June 2, 2029, approximately 98 months from now [Doc. 114-1]. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). The Court finds that releasing defendant when he has served a relatively small fraction of his sentence would not reflect, among other factors, the serious nature of his offense, the need for just punishment, the need to promote respect for the law, nor would it reflect the need to avoid unwarranted sentence disparities.

Defendant points to, among other things, his good behavior in prison, his efforts to rehabilitate himself, and his efforts to overcome his substance abuse problems as grounds to support compassionate release [Doc. 97 at pp. 15-19]. While the Court acknowledges defendant's efforts at self-improvement, the Court does not find those efforts to outweigh the §3553(a) sentencing factors. Defendant also argues that he "is now a more mature and evolved adult of 55 years." The Court notes that defendant would have been in his mid-

9

forties when the instant offense was committed. And while the Court does not doubt defendant's contention that he has learned from his mistakes and grown wiser in the intervening years, he was already well into his adult years when he committed the crime at issue in this case. Furthermore, as the Court noted above, defendant has a long criminal history, much of which occurred while defendant was in his forties [PSR, Doc. 68 at ¶¶ 83-91].

Furthermore, the Court is aware of defendant's medical condition, and the risk that the ongoing pandemic poses to people with similar conditions. That risk is somewhat lessened by the fact the Bureau of Prisons has begun vaccinating inmates against COVID-19, and, as the Court noted above, 244 inmates at the facility where defendant is housed have already been vaccinated. The Court in no way diminishes the risk COVID-19 continues to present, but the Court must still balance the § 3553(a) factors against all other relevant evidence, and, in this instance, the Court finds that § 3553(a) factors weigh against compassionate release.

In reaching this decision, the Court has considered the parties' filings (both pre-appeal and post-remand), including defendant's medical records, the sentencing transcript, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court recognizes defendant's medical condition, that is only part of the compassionate release calculus. On the record before the Court, the sentencing factors weigh against early release.

## IV. Conclusion

Accordingly, for the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 113] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
