UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          No. 3:15-CR-36-TAV-DCP
                                   )
MARK NIX,                          )
                                   )
          Defendant.               )

## REPORT AND RECOMMENDATION

Before the Court is Defendant Mark Nix's ("Defendant") Motion for Leave to Appeal In Forma Pauperis [Doc. 123]. On April 16, 2021, the Court entered an order denying Defendant's Motion [Doc. 116] for Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). On May 5, 2021, Defendant filed a Notice of Appeal [Doc. 117]. The Sixth Circuit Court of Appeals directed that Defendant pay the appellate filing fee or file a motion for leave to proceed on appeal *in forma pauperis* by June 7, 2021 [Doc. 119 at 1]. Defendant filed his inmate account statement on July 22, 2021 [Doc. 121], followed by a motion for leave to appeal *in forma pauperis* on August 4, 2021 [Doc. 123]. United States District Judge Thomas A. Varlan referred the motion to the undersigned on August 6, 2021 [Doc. 124].

## I.      BACKGROUND

On March 4, 2015, Defendant was charged in a seven-count indictment charging him with money laundering, conspiracy to distribute oxycodone, possession with intent to distribute oxycodone, and four counts of oxycodone distribution [Doc. 3]. On December 21, 2015, Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(C) [Docs. 54 &

1

55]. On May 9, 2016, the Court sentenced Defendant to 198 months of imprisonment followed by three years of supervised release [Doc. 81]. Through the time of sentencing, Defendant was represented by appointed counsel, CJA Panel Attorney Loretta Cravens [Doc. 31], but on May 12, 2017, retained counsel, Matthew Robinson, filed a Notice of Appearance on behalf of Defendant [Doc. 91].

On May 5, 2020, Defendant, through counsel, filed a Motion for Compassionate Release [Doc. 97]. On June 29, 2020, the Court denied the motion, finding that Defendant had failed to present extraordinary and compelling reasons sufficient to warrant compassionate release [Doc. 103]. Defendant appealed the Court's denial of his motion for compassionate release [Doc. 105]. While on appeal, after the United States agreed that Defendant's medical condition met the "extraordinary and compelling" requirement, the parties agreed to remand the case to this Court for further consideration [Doc. 110]. After further briefing [Docs. 113–115] by the parties to reflect the changes in compassionate release laws since the original motion was filed, the Court entered a Memorandum Opinion and Order on April 16, 2021, denying Defendant's motion for compassionate release, recognizing that Defendant's medical condition is "only part of the compassionate release calculus" and concluding that "[o]n the record before the Court, the sentencing factors weigh against early release." [Doc. 116 at 10]. As previously detailed, Defendant filed a Notice of Appeal on May 5, 2021 [Doc. 117], followed by the instant *in forma pauperis* ("IFP") motion on August 4, 2021 [Doc. 123].

## II.    ANALYSIS

As an initial matter, the Court notes that Defendant's Notice of Appeal was filed outside of the 14-day deadline. A motion for release under 18 U.S.C. § 3582 is a continuation of a criminal case, for which a 14-day deadline for filing notice of appeal applies. *See United States v. Brown*,

2

817 F.3d 486, 488 (6th Cir. 2016) ("[Defendant]'s § 3582(c) motion is a criminal motion, which means that the fourteen-day deadline for filing a notice of appeal in a criminal case applies.") (citing Fed. R. App. P. 4(b)(1)(A)). "A § 3582(c) motion 'is not a civil post-conviction action, but rather a continuation of a criminal case.'" *Id.* (quoting *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam) (collecting cases)). However, unlike in a civil case, the deadline in Rule 4(b)(1)(A) for a defendant to file a notice of appeal is not jurisdictional. *See Brown*, 817 F.3d at 489; *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (per curiam). But, if the Government raises the issue of timeliness, the time limits of Rule 4(b) must be enforced. *United States v. Payton*, 979 F.3d 388, 390 (6th Cir. 2020) (citations omitted). Here, the Government has raised no issue of timeliness of the filing of Defendant's Notice of Appeal.[1] "The filing deadline is a claims-processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case. *See Brown*, 817 F.3d at 489; *Gaytan-Garza*, 652 F.3d at 681. With the Government not having raised any objection to the timing of the Notice of Appeal, the Court turns to Defendant's IFP motion.

The Court must now consider whether Defendant qualifies for IFP status to obtain leave for appeal. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, "[A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district

---

[1] Defendant states in his Notice of Appeal that he received copy of decision on May 3, 2021 [Doc. 117 at 1] and attaches a letter from Attorney Robinson dated April 16, 2021, advising of the Court's denial of relief, with a stamped notation: "Delivered to Inmate May 3, 2021." [Doc. 117 at 2]. Defendant filed his Notice of Appeal two days later, on May 5, 2021. Had the Government raised the issue of the untimely appeal, Defendant's delayed receipt of the Court's ruling potentially constitutes good cause warranting an extension of the appeal period. *See Payton*, 979 F.3d at 390 (treating late notice of appeal filed within thirty days of expiration of time for appeal as a request for a belated appeal and remanding for determination of whether defendant demonstrated good cause or excusable neglect for the untimely filing).

court," attaching an affidavit demonstrating "the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a). The Court must then evaluate not only the party's pauper status but also the merits of the appeal. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir.1999) ("After this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal. If the district court determines that the individual is not a pauper, that the appeal is not taken in good faith, or that the individual is not otherwise entitled to pauper status, the district court must state its decision in writing, and then immediately notify the parties of its decision.") (internal citations omitted).

Here, Defendant previously held pauper status up through sentencing, and while he relinquished such status once Attorney Robinson filed a Notice of Appearance on May 12, 2017, Defendant has submitted an IFP Application, which includes a declaration and information necessary to demonstrate an inability to pay [Doc. 123] along with his inmate account statements[2] [Doc. 121]. In addition, Defendant avers an entitlement to redress [Doc. 117 at 1]. However, as required by Rule 24, Defendant has not demonstrated that the issues he intends to raise on appeal have any arguable basis in law or fact, and accordingly, the undersigned concludes that the issues Defendant seeks to raise are not being raised in good faith and recommends that his motion to proceed on appeal IFP be denied.

In his Notice of Appeal, Defendant asserts, without explanation, that "the USDC erred in its determinations of the 3553(A) factors, such that an Appeal of this decision can be taken in Good Faith . . ." [Doc. 117 at 1 (capitalization in the original)]. As explained in *United States v. Lebron*,

---

[2] The Court notes that while Defendant has provided a copy of his transactions and balances in his inmate account, since December 20, 2020 through July 13, 2021, this copy is not certified by an officer of his institution as required by the Application form.

4

850 F. App'x 383, 385 (6th Cir. 2021), a district court's denial of a compassionate-release motion is reviewed under the abuse-of-discretion standard. "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *Id.* at 385–86 (*citing United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020)). For example, a court might abuse its discretion "if it misreads the meaning of the extraordinary-reason requirement or if it interprets the law to bar it from granting a reduction when, in fact, it has discretion to do so." *Id.* at 386 (quoting *United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020)).

While Defendant makes a general assertion that the district court erred in weighing the § 3553(a) factors, he fails to identify any erroneous finding of fact, improper application of law, or use of any erroneous legal standard. *Cf. id.* at 387 (noting the defendant argues that in weighing the § 3553(a) factors, the district court erred by giving 'outsized weight' to his 'potential danger to the community;' by failing to consider any new facts that arose after the sentencing hearing; by failing to consider the need for medical treatment; and by relying on three erroneous findings of fact.) Defendant's filing in no way identifies which issues he intends to present on appeal, thus failing to satisfy the technical requirements of Rule 24 and providing no basis for the Court to determine the merits of the appeal. *See Powell v. Alcoa High School,* No. 3:10-cv-211, 2010 WL 3087383 (E.D. Tenn. July 20, 2010) (finding that even taking the plaintiff's *pro se* status into consideration, the requirements for leave to proceed IFP as outlined in Rule 24 were not fulfilled, in part, for failure to identify the issues to be addressed on appeal).

### III.    CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion for

Leave to Appeal In Forma Pauperis [Doc. 123] be **DENIED**.[3]

ENTER:

*Debra C. Poplin*

Debra C. Poplin
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended).  Failure to file objections within the time specified waives the right to review by the District Court.  Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order).  The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).